# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| JAMES J. HUDNALL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:06-cv-01501-RBP-JEO |
| | ) | |
| CHRISTINE M. TRUESDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James J. Hudnall, Sr., plaintiff, has filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983. The plaintiff is an Alabama prison inmate incarcerated at the St. Clair Correctional Facility, which is located in the Northern District of Alabama. However, he names only one defendant who is employed as an LPN at the Autauga County Health Department, which is located in the Middle District of Alabama. He complains that the defendant has either interfered with or failed to assist in his efforts to obtain parole before the Alabama Parole Board. Thus, it appears that all or a substantial part of the events giving rise to the plaintiff's claim occurred in the Middle District.

It therefore seems evident that venue is not proper in the Northern District of Alabama. A civil rights action may be brought only in the judicial district (1) where at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972). There does not appear to be a

defendant who resides in the Northern District of Alabama. In addition, the actions of which the plaintiff complains appear to have occurred in the Middle District of Alabama. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for the Middle District of Alabama. 28 U.S.C. § 1404(a).

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

**For the foregoing reasons, the magistrate judge recommends that this action be transferred to the United States District Court for the Middle District of Alabama.**

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed. Failure to file written objections to the proposed findings and recommendations contained in this report within fifteen (15) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE**, this the 18th day of August, 2006.

_John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge

2